## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GIBBONS & COMPANY, INC.<br>1455 Pennsylvania Ave., NW<br>Washington, DC 20004 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-CV-00720-EGS |
| | ) | |
| ROSKAMP INSTITUTE<br>2040 Whitfield Avenue<br>Sarasota, FL 24243 | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b), Defendant Roskamp Institute, by counsel, moves this Court to dismiss the Complaint filed by Plaintiff Gibbons & Company, Inc. for lack of personal jurisdiction and improper venue. The grounds for this motion are more fully set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

By _____
Lynn E. Calkins (D.C. Bar No. 445854)
Cecily E. Baskir (D.C. Bar No. 485923)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000   Phone
(202) 955-5564   Fax

*Counsel for Roskamp Institute*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GIBBONS & COMPANY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-CV-00720-EGS |
| | ) | |
| ROSKAMP INSTITUTE | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Roskamp Institute, by counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff's Complaint.

### INTRODUCTION

Plaintiff Gibbons & Company, Inc. (hereinafter "Gibbons") has filed a complaint against the Roskamp Institute (hereinafter "the Institute") alleging breach of a contract and seeking monies owed for services allegedly performed. While the Institute denies many of Gibbons' allegations, this Court need not address the merits of this action. The Court lacks personal jurisdiction over the Institute, a Florida foundation with no ties to the District of Columbia, and venue is not proper in the District of Columbia. For these procedural defects that preclude the Court from deciding this action, the Court should dismiss the Complaint.

### STATEMENT OF RELEVANT FACTS

The Institute is a not-for-profit scientific research institution established and privately funded by Robert G. and Diane Roskamp. See Declaration of Michael Mullan, ¶ 2, attached

hereto as Exhibit A.[1]  It is devoted to understanding causes of and finding cures for neuropsychiatric and neurodegenerative disorders and addictions, with a primary focus on Alzheimer's disease. Id.

The Institute is a Florida entity with its offices in Sarasota, Florida.  The Institute has no offices, employees, or bank accounts in the District of Columbia and does no business in the District of Columbia.  Id. at  ¶¶ 4, 5.  It receives no mail in the District of Columbia, has no listings in any telephone or business directories in the District of Columbia, and has no registered agents for service of process in the District of Columbia.  Id. at ¶ 5.  All employees of the Institute work in Florida, and all of the Institute's documents and files are in Florida. Id. at ¶ 4.

In fact, the Institute's only connection with the District of Columbia was its meeting with members of the United States Congress to attempt to obtain federal funding.  Id. at ¶ 8.  No employee or agent of the Institute has traveled to the District of Columbia on any other occasion for any purpose related to the Institute. Id. at ¶ 9.

Even Gibbons does not contend that the Institute has transacted business in the District of Columbia.  Instead, according to the Complaint, all communications occurred in Florida or via telephone calls or correspondence. See Complaint, ¶¶ 3-6, 9-10.

## ARGUMENT

**I.     The Court lacks personal jurisdiction over the Roskamp Institute.**

For a court to exercise personal jurisdiction over a non-resident defendant, in order to meet the  requirements of constitutional due process, a plaintiff must show that the defendant purposefully established minimum contacts and availed itself of the privilege of conducting activities within a forum State.  Asahi Metal Industry v. Superior Court, 480 U.S. 102, 108-09

---

[1]   On a motion to dismiss for lack of personal jurisdiction, the Court may consider affidavits and other relevant material to assist in determining the jurisdictional facts.   See Capital Bank Int'l Ltd. v. Citigroup, Inc., 276 F.Supp. 2d 72, 74 (D.D.C. 2003); U.S. v. Philip Morris Inc., 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000).

(1987); World-Wide Volkswagen Corp v. Woodson, 444 U.S. 286, 297 (1980); Crane v. New York Zoological Soc'y, 894 F.2d 454, 455-56 (D.C. Cir. 1997). The inquiry must be resolved on a case-by-case basis, noting the particular activities relied on as providing the supposed basis for jurisdiction. Environmental Research Int'l, Inc. v. Lockwood Greene Engineers, Inc., 355 A.2d 808, 811 (D.C. 1976).

In the District of Columbia, in accordance with the District's long-arm statute, a court has jurisdiction over non-residents in limited instances. D.C. Code § 13-423.[2] Because the Institute is not domiciled in or organized under the laws of the District, nor does it maintain its principal place of business in the District, the only possible source of personal jurisdiction over the Institute in this action is the long-arm statute's provision covering claims arising from a non-resident's "transacting any business in the District of Columbia." D.C. Code § 13-423(a)(1).

The Institute, however, is not transacting, and has not transacted, business in the District of Columbia. The primary contact between the parties involved Gibbons traveling to Florida for meetings held at the Institute in Florida. See Complaint, ¶¶ 4, 9; Exhibit A, ¶ 7. All other communications between the Institute in Florida and Gibbons have been minimal, and such

---

[2] D.C. Code § 13-423 provides:
      (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
           (1) transacting any business in the District of Columbia;
           (2) contracting to supply services in the District of Columbia;
           (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
           (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
           (5) having an interest in, using, or possessing real property in the District of Columbia;
           (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
           (7) marital or parent and child relationship in the District of Columbia ….
      (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

incidental phone and mail correspondence is insufficient to constitute "transacting business." See Richter v. Analex Corp., 940 F. Supp. 353, 360 (D.D.C. 1996) (incidental correspondence was not enough to establish minimum contacts); Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. 46, 49-50 (D.D.C. 1994) (communicating by phone and interstate courier service with plaintiff's lawyer in the District was not enough for minimum contacts).

The single visit made by Institute officials to the District of Columbia is likewise insufficient to allow for personal jurisdiction. When assessing a defendant's contacts with the District, the government contacts exception to the long-arm statute precludes consideration of entry into the District of Columbia for purposes of meeting with or contacting federal governmental agencies. World Wide Minerals Ltd. v. Republic of Kazakhstan, 116 F.Supp.2d 98, 105 (D.D.C. 2000); Mallinckrodt Medical Inc. v. Sonus Pharmaceuticals, Inc., 989 F. Supp. 265, 271 (D.D.C. 1998); Environmental Research Int'l, 355 A.2d at 813. The rationale for excluding those contacts from the long-arm statute is that the District of Columbia is the Nation's capital and "it is important that all citizens from all parts of the country have unfettered access to petition their government." Mallinckrodt Medical, 989 F. Supp. at 271.

Further, Gibbons cannot rely on his own activities in the District of Columbia to support personal jurisdiction over the Institute. Burger King Corp. v. Rudzewicz, 471 U.S. 452, 474-75 (1985). The mere fact that the non-resident Institute allegedly retained his professional services, thereby setting into motion Gibbons' own activities within this jurisdiction, does not without more constitute an invocation by the Institute of the benefits and protections of the District's laws. Environmental Research Int'l, 355 A.2d at 812.

Given that the Institute is resident in Florida and has had insufficient contacts with the District to invoke the personal jurisdiction of this Court, this action should be dismissed.

4

## II.    The Complaint should be dismissed for improper venue.

When federal subject matter jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1391(a) provides three locations in which venue is appropriate: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Although Gibbons contends that "a substantial part of the events giving rise to this action occurred in the District of Columbia," that conclusory statement is plainly inconsistent with the facts alleged in the Complaint and with the Mullan Declaration. Virtually all of the events occurred in Florida, not the District of Columbia. Gibbons traveled multiple times to the Institute in Florida for meetings, yet the Complaint alleges no meetings – or even conversations – with the Institute in the District of Columbia. Furthermore, the proposed Roskamp Neuroproteomics Center at the center of discussions between Gibbons and the Institute was to be located in Florida, not the District of Columbia.

In fact, while the Institute disputes that there is any binding agreement with Gibbons, the alleged agreement that serves as the basis for Gibbons' Complaint provides in pertinent part: "Any disputes under this Agreement shall be adjudicated in the courts of jurisdiction in the State of Florida." Consulting Agreement for Washington Representation, ¶ 10(b), attached hereto as Exhibit 2.[3] Given that this alleged agreement is the basis for Gibbons' Complaint, he should

---

[3] On a motion to dismiss, the Court may consider materials attached to the Complaint as well as documents referenced in the Complaint although not attached to it without converting it to a motion for summary judgment. See EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997); Vanover v. Hartman, 77 F.Supp.2d 91, 98 (D.D.C. 1999).

have abided by that provision and filed suit in Florida – if at all. See Marra v. Vaso Papandreou, 216 F.3d 1119 (D.C. Cir. 2000) (affirming dismissal of case based on forum selection clause in contract dispute); Commerce Consultants Intern., Inc. v. Vetrerie Riunite, 867 F.2d 697 (D.C. Cir. 1989) (affirming dismissal of case for improper venue after defendants raised forum selection defense). As he did not, this Court should dismiss the action.[4]

## CONCLUSION

For the reasons set forth above, Defendant Roskamp Institute respectfully requests that the Court dismiss the Complaint filed by Plaintiff in this action, or, in the alternative, transfer this case to the Middle District of Florida.

Respectfully submitted,

By _Cecily E. Baskir_____

Lynn E. Calkins (D.C. Bar No. 445854)
Cecily E. Baskir (D.C. Bar No. 485923)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000   Phone
(202) 955-5564   Fax

*Counsel for Roskamp Institute*

---

[4] In the alternative, if the Court were to find that venue is proper under 28 U.S.C. § 1391, the Court should exercise its discretion to transfer this case to the Middle District of Florida based on Gibbons' prior expressed consent to that forum and the convenience of the parties and potential witnesses. See 28 U.S.C. § 1404(a); see also Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29-31 (1988) (the parties' private expression of their venue preference and the convenience of witnesses are part of the court's consideration on a motion to transfer).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss and Memorandum in Support of Defendant's Motion to Dismiss was served this 18th day of May, 2006 by first-class mail, postage prepaid, to

    John T. Durfee, Esq.
    4901 Montgomery Lane
    Bethesda, MD 20814

                                    _____
                                    Cecily E. Baskir

# 3794205_v1