<u>CONSULTING AGREEMENT</u>
<u>FOR</u>
<u>WASHINGTON REPRESENTATION</u>

**THIS AGREEMENT** is entered into effect April 15, 2004, between **Gibbons & Company, Inc.** ("Consultant") and the **Roskamp Foundation IRRV TR d/b/a Roskamp Institute** (the "Institute").

**WHEREBY IT IS AGREED as follows:**

1. **Services:**

Consultant shall use its best efforts to provide federal budget counsel and represent the Institute before the United States Congress, the White House and Executive Branch departments and agencies on the development of new federally funded research programs for the Institute and other sponsored research programs at the Institute. As may be requested by the Institute, Consultant will also assist, coordinate and manage outside legal counsel to enhanced domestic and international intellectual property (IP) protections, internal IP procedures, patent protections, FDA, NIH and DoD compliance and other strategic business initiatives in furtherance of the Institute's objectives.

2. **Term:**

This Agreement will be in effect from April 15, 2004 through April 30, 2005. This Agreement will continue month-to-month thereafter until a new agreement is reached between the parties.

Notwithstanding anything contained herein, either party may terminate the Agreement at any time upon 30 days prior written notice by a signatory of this Agreement to the other party. In the event the Agreement is terminated, the Institute shall be obligated to pay Consultant only that part of the monthly fee earned and all outstanding expenses incurred by Consultant on behalf of the Institute prior to the termination.


EXHIBIT 2

Roskamp Foundation
Washington Representation Agreement
April 15, 2004
Page 2 of 6

3. **Payment of Services:**

In consideration for performance of the services described in Section 1 above, the Institute agrees to pay Consultant a monthly professional fee of $15,000 per month beginning April 15, 2004, through the term of the Agreement.

When international travel and meetings are necessary and requested in the course of business on behalf of the Institute, Consultant will receive a supplemental fee, in addition to the fee structure delineated in the preceding paragraph, of $1,000 per day during the period, or for any part thereof.

All statements for services are payable in full within thirty days of the invoice date. Any statement not paid within thirty days following the date of the statement will bear compounded interest from the date of the statement until the date paid at the rate of 1.5 percent per month on the outstanding balance owed Consultant.

4. **Expense Reimbursements:**

In addition, the Institute agrees to reimbursement and payment within thirty days to Consultant each month of all Consultant's actual, ordinary and necessary out-of-pocket expenses incurred in connection with the services performed under this Agreement, including expenses for business meals and business entertainment, local and long distance travel, out-of-town lodging and meals, postage, telecopy, telephone, all other forms of communication, messenger and delivery services, the acquisition and reproduction of periodical publications and documents and other materials, and all other ordinary and reasonable incidental expenses. For airline travel outside the United States, Institute agrees to reimburse Consultant for business class air fare and domestic airline travel will be at standard coach rates. All expenses will be categorically itemized in monthly statements and Consultant will, when requested, provide further itemization, receipts or other documentary proof in support of any specific expense reimbursement amounts. Included herein as Attachment A is a list of current charges for normal out-of-pocket expenses typically incurred by Consultant in connection with services performed under this Agreement.

Roskamp Foundation
Washington Representation Agreement
April 15, 2004
Page 3 of 6

**5.    Progress Reports:**

Consultant will make progress reports at such intervals as may be agreed upon by the parties.

**6.    Status of Consultant as Independent Contractor:**

The Consultant shall devote such time and effort to the performance of the services described in this Agreement as may be necessary to satisfactorily complete the work described; however, it is understood and agreed that the Consultant shall not be required to devote full time to such services and that the Consultant may engage in other business activities provided that such business activities do not interfere with the services to be performed under this Agreement. Consultant shall not subcontract or delegate any portion of the work to be performed without the prior written consent of the Institute. Consultant shall be an independent contractor in the performance of this Agreement and shall not be deemed an employee or agent of the Institute for any purpose whatsoever.

**7.    Conflicts:**

Consultant will not represent any client in any case where such representation would conflict with the interests of the Institute.

**8.    Compliance with Law and Agreements:**

The Consultant represents and warrants that Consultant may legally provide the services described and Consultant's performance of the duties under this Agreement shall be in compliance with all applicable statutes, rules, regulations and agreements to which Consultant is a party to and by which Consultant is bound.

Roskamp Foundation
Washington Representation Agreement
April 15, 2004
Page 4 of 6

## 9. Record Keeping, Certifications and Training:

Consultant agrees to keep such records and make such reports and certifications as the Institute may from time to time request in connection with requirements imposed on the Institute by any laws, regulations and other requirements of any government or regulating body, including any agency of the U.S. Government. Consultant acknowledges that the Institute may have reporting, training, certification and other obligations with respect to Consultant's activities under various lobbying, ethics and other laws and regulations, and Consultant agrees to take such actions as are reasonably necessary to ensure that the Institute is in compliance with such laws and regulations.

## 10. Miscellaneous:

(a) Entire Agreement: This Agreement including Attachment A sets forth the entire agreement of the parties with respect to the subject matter hereof, and supersedes all prior agreements with the Institute. This Agreement may not be amended or modified in any manner except by an instrument in writing signed by the parties hereto.

(b) Construction and Jurisdiction: This Agreement shall be deemed to have been entered into and shall be constructed and enforced in accordance with the laws of Florida. Any disputes under this Agreement shall be adjudicated in the courts of jurisdiction in the State of Florida. Institute agrees to reimburse Consultant for all expenses (including reasonable attorneys' fees and disbursements incurred) in the collection of any overdue and unpaid invoices.

(c) Publicity: Consultant shall not use the Institute name or release any information about this Agreement or the performance of Consultant hereunder, in any publicity releases, advertising or for other promotional purposes and may not discuss the subject of this agreement with any person with the television media or press without the prior written approval of the Institute.

(d) Assignment: Consultant may not assign or subcontract its obligations under the terms of this Agreement without the prior written consent of the Institute.

Roskamp Foundation
Washington Representation Agreement
April 15, 2004
Page 5 of 6

**IN WITNESS WHEREOF**, the parties have executed the Agreement.

**Roskamp Foundation IRRV TR d/b/a
   Roskamp Institute**                                  Address:

By:_____              2040 Whitfield Avenue
   Robert G. Roskamp                                    Sarasota, FL 34243
   Founder, Roskamp Foundation

Date:_____

**Gibbons & Company, Inc.**

By: *[signature: Clifford S. Gibbons]*
   Clifford S. Gibbons
   President                                            Washington, DC

Date: *April 13, 2004*

# ATTACHMENT A

Gibbons & Company, Inc. submits a monthly statement for the reimbursement for all ordinary and necessary out-of-pocket expenses incurred in connection with the services performed under the basic terms of this representation Agreement. These expenses include, but are not limited to, the following: Expenses for business meals and business entertainment, local and long distance travel, out-of-town lodging and meals, postage, facsimile, photocopying, telephone, all other forms of communication, messenger and delivery services, the acquisition and reproduction of periodical publications and documents and other materials, and all other reasonable, ordinary and related expenses incurred in the normal course of business. All expenses will be categorically itemized in monthly statements and Gibbons & Company will, when requested, provide further itemization, receipts or other documentary proof in support of the amounts.

The following list outlines the basis for most common services charged to our clients.

| | |
|---|---|
| Photocopy | $0.50 per copy |
| Facsimile | $0.50 per page |
| Telephone | AT&T/Qwest/Verizon/Sprint rates |
| Local Courier/Federal Express | Actual vendor invoice |
| Postage | Actual U.S. Postal Service rates |
| Vendor Invoices | Actual vendor invoice |
| Transportation | Actual cost |
| Business meals/ Entertainment | Actual cost |
| Electronic Research | Standard catalog rates plus 10% |