UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIBBONS & COMPANY, INC. <br><br> Plaintiff, <br><br> v. <br><br> ROSKAMP INSTITUTE <br><br> Defendant. | Civil Action No. 1:06-CV-00720-EGS |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Roskamp Institute, by counsel, hereby submits this Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint. Plaintiff Gibbons & Company, Inc. (hereinafter "Gibbons") asserts nothing that will remedy the procedural defects in this action. The Florida-based Roskamp Institute (hereinafter "the Institute") lacks sufficient ties to the District of Columbia for this Court to exercise personal jurisdiction over it, and venue remains improper in the District of Columbia. For these reasons and those set forth in the Institute's Motion, the Court should dismiss Gibbons' Complaint.

**ARGUMENT**

**I.   The Institute has insufficient contacts to establish personal jurisdiction in the District of Columbia.**

In his Opposition, Gibbons makes no argument at all to support personal jurisdiction over the Florida-based Institute, claiming only that the Court has subject matter jurisdiction over this action. Moreover, the contacts with the District of Columbia described by Gibbons in its fact section do not suffice to permit the Court to exercise such jurisdiction over the Institute.

Gibbons' Opposition concedes that the only visit to the District of Columbia made by Institute officials on Institute business was to meet with congressional officials. Under the government contacts exception to D.C.'s long-arm statute, the Court is clearly precluded from considering this visit as a contact with the District of Columbia. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 787 (D.C. Cir. 1983); World Wide Minerals Ltd. v. Republic of Kazakhstan, 116 F.Supp.2d 98, 105 (D.D.C. 2000); Mallinckrodt Medical Inc. v. Sonus Pharmaceuticals, Inc., 989 F. Supp. 265, 271 (D.D.C. 1998); Environmental Research Int'l, Inc. v. Lockwood Greene Engrs., Inc., 355 A.2d 808, 813 (D.C. 1976). Gibbons does not attempt to differentiate these cases or the government contacts exception, because it cannot.

Rather, Gibbons relies on his own meetings, filings, and communications with various government officials. As already noted, Gibbons' activities are insufficient establish personal jurisdiction over the Institute. See Hanson v. Denckla, 357 U.S. 235, 253 (1958); Richter v. Analex Corp., 940 F. Supp. 353, 359 (D.D.C. 1996); Environmental Research Int'l, 355 A.2d at 812. Again, Gibbons does not attempt to differentiate these cases, because it cannot.

Gibbons is thus left to depend on nothing more than some telephone calls and email messages, which fail here to bring the Institute within the constitutional reach of the long-arm statute.[1] See Richter, 940 F. Supp. at 360 (incidental correspondence was insufficient to establish minimum contacts); Cellutech, Inc. v. Centennial Cellular Corp., 871 F.Supp. 46, 49-50 (D.D.C. 1994) (communicating by phone and interstate courier service with plaintiff's lawyer in the District of Columbia was insufficient for minimum contacts).

---

[1] In doing so, Gibbons does not even contend that he participated in the telephone calls and emails while he was located in the District of Columbia. While that contention alone still would not suffice for personal jurisdiction over the Institute, Gibbons could have been anywhere given the extent of cell phone coverage and portable email devices.

Gibbons has simply not had sufficient contacts with the Institute within the District of Columbia to subject the Institute to personal jurisdiction in this Court. Gibbons has provided no information that warrants a different result.

## II.     The Complaint should be dismissed for improper venue.

As Gibbons concedes, the sole reason for any relationship between Gibbons and the Institute was to secure funding from the Congress for a new center at the Institute – to be located in Florida. Gibbons does not contest that his meetings with Institute officials took place in Florida, to which Gibbons traveled three times, nor that the Institute officials were in Florida when he communicated with them. Gibbons also does not contest that the alleged agreement that serves as the basis for his Complaint provides that any disputes under the agreement shall be adjudicated in Florida. Given that this alleged agreement is the basis for Gibbons' Complaint, he should have abided by that provision and filed suit in Florida – if at all. See Marra v. Vaso Papandreou, 216 F.3d 1119 (D.C. Cir. 2000) (affirming dismissal of case based on forum selection clause in contract dispute); Commerce Consultants Intern., Inc. v. Vetrerie Riunite, 867 F.2d 697 (D.C. Cir. 1989) (affirming dismissal of case for improper venue after defendants raised forum selection defense). As he did not, this Court should dismiss the action.

## CONCLUSION

For the reasons set forth above and for those reasons set forth in the Institute's opening Motion and Memorandum of Points and Authorities, Defendant Roskamp Institute requests that the Court dismiss the Complaint filed by Plaintiff Gibbons in this action, or, in the alternative, transfer this case to the Middle District of Florida.

Respectfully submitted,

By _____
Lynn E. Calkins (D.C. Bar No. 445854)
Cecily E. Baskir (D.C. Bar No. 485923)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000   Phone
(202) 955-5564   Fax

*Counsel for Roskamp Institute*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply Memorandum in Support of Defendant's Motion to Dismiss was served this 2nd day of June, 2006 by first-class mail, postage prepaid, to

        John T. Durfee, Esq.
        4901 Montgomery Lane
        Bethesda, MD 20814

                      _____
                        Lynn E. Calkins

# 3820541_v3