UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
GIBBONS & COMPANY INC.        )
                              )
          Plaintiff,          )
                              )
                              )   Civ. No. 06-720 (EGS)
     v.                       )
                              )
ROSKAMP INSTITUTE             )
          Defendant.          )
_____)
```

**MEMORANDUM OPINION**

This case arises from an alleged breach of a contract between plaintiff Gibbons & Company, Inc. ("Gibbons") and defendant Roskamp Institute ("Roskamp"). Pending before the Court is defendant's Motion to Dismiss Plaintiff's Complaint based on lack of personal jurisdiction and improper venue. Upon careful consideration of defendant's motion, response and reply thereto, the Court **GRANTS** defendant's motion and **TRANSFERS** this case to the Middle District of Florida.

**I. BACKGROUND**

Plaintiff Gibbons is a company incorporated in the District of Columbia. Decl. C. Gibbons ¶ 2. This suit is filed on behalf of Gibbons by its President Clifford Gibbons ("C. Gibbons"). *Id.* Defendant Roskamp is a nonprofit scientific research institution based in Sarasota, Florida. Mullan Decl. ¶ 2. On April 6, 2004, C. Gibbons visited Roskamp in Florida to discuss how Gibbons

1

could assist Roskamp obtain federal funding for its research projects. Compl. ¶ 4.  On May 12, 2004, Roskamp agreed to have Gibbons represent it in its efforts to obtain federal funding. *Id*. at ¶ 6.  In developing the proposal for federal funding, the parties exchanged between 50-75 emails and more than 75 telephone calls. Decl. C. Gibbons ¶ 4.  On May 18, 2004, C. Gibbons and members of Roskamp met with Congressional officials in Washington, D.C. about the possibility of obtaining federal funding for Roskamp. Pl.'s Opp. ¶ 7; Mullan Decl. ¶ 8.  However, Roskamp did not receive federal funding for fiscal year 2005. Compl. ¶ 8.

   On January 11, 2005, C. Gibbons went to Florida again and met with members of Roskamp to discuss plans for obtaining funds for fiscal year 2006. *Id*. at ¶ 9.  A month later, on February 8, 2005, Roskamp told Gibbons that it planned to focus on other projects and that it would not need Gibbons' services in 2005. *Id*. at ¶ 10.  In December 2005, Roskamp was awarded $1.8 million dollars in federal funding for fiscal year 2006. *Id*. at ¶ 11. The proposal and request for funding submitted by Roskamp was substantially the same proposal and request developed and submitted by Gibbons the previous year. *Id*. at ¶ 12.  Gibbons alleges in its complaint that Roskamp has refused to pay for its services. *Id*. at ¶ 15.

**II. STANDARD OF REVIEW**

When personal jurisdiction is challenged pursuant to Fed. R. Civ. Proc. 12(b)(2), the plaintiff has the burden of establishing a *prima facie* case that personal jurisdiction exists. *Second Amend. Foundation v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).  A *prima facie* case in this context means that the plaintiff must present evidence sufficient to defeat a motion for judgment as a matter of law. *See Carter v. Duncan-Huggins, Ltd.*, 727 F.2d 1225, 1227 (D.C. Cir. 1984)(such motions should be denied unless "the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable men could not disagree on the verdict.").

To determine if a basis for personal jurisdiction exists, the court should resolve factual discrepancies in the complaint and affidavits in favor of the plaintiff. *Crane v. New York Zoological Society*, 894 F.2d. 454, 456 (D.C. Cir 1990).  The court may consider documents outside the pleadings to assure itself that it has jurisdiction. *AGS Int'l Services v. Newmont USA Limited*, 346 F. Supp. 2d 64, 73-74 (D.D.C. 2004).

**III. DISCUSSION**

Defendant Roskamp argues that this Court lacks personal jurisdiction over it for it is a Florida foundation with no ties to the District of Columbia.  According to Roskamp, plaintiff has failed to show that Roskamp has purposefully established minimum

contacts and availed itself of the privileges of conducting activities within the District.  Roskamp has no offices, employees, or bank accounts in the District; receives no mail in the District; has no listings in any telephone or business directories in the District; and has no registered agents for service of process in the District.[1]  In fact, Roskamp's only connection with the District was its meeting with Congressional officials to attempt to obtain funding.

Plaintiff Gibbons argues that because the great bulk of the work to obtain funding for the defendant occurred in the District of Columbia, including plaintiff's numerous meetings and communications with members of Congress and their staff, and exchanging of emails and phone calls between plaintiff and defendant, this Court can exercise personal jurisdiction over the defendant.

### A. The District's Long-Arm Statute

The District of Columbia's long-arm statute provides, in relevant part, that a "District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by agent, as to a claim for relief arising from the person's transacting any business in the District of Columbia." D.C. Code

---

[1] These facts, as articulated in Michael Mullan's Declaration and attached to Defendant's Motion to Dismiss, are not disputed by the plaintiff.  Plaintiff attached a declaration from C. Gibbons in its Opposition to Defendant's Motion to Dismiss in response to Mullan's Declaration, and that declaration do not challenge the validity these facts.

§ 13-423.  The plaintiff bears the burden of establishing the factual basis for the exercise of personal jurisdiction over a defendant by demonstrating that (1) the defendant transacted business in the District; (2) the claim arose from the business transacted in the District; and (3) the defendant had minimum contacts with the District such that the Court's exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice. *Cellutech, Inc. v. Centennial Cellular Corp.*, 871 F. Supp. 46, 48 (D.D.C. 1994) (citing to *First Chicago Int'l v. United Exchange Co., Ltd.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)).

   While the long-arm statute is to be interpreted broadly, a plaintiff must allege some specific facts evidencing purposeful activity by the defendant in the District by which the defendant invoked the benefits and protections of its laws. *First Chicago Int'l*, 836 F.2d at 1378-79.  A plaintiff may not depend on its own activity to establish the existence of defendant's minimum contacts with the forum. *See Hanson v. Deckla*, 357 U.S. 235, 253 (1958) ("[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State"); *Environmental Research Int'l, Inc., v. Lockwood Greene Engineers, Inc.*, 355 A. 2d 808, 812 (D.C. 1976) (holding that "the mere fact that a nonresident has retained professional services of a District of

Columbia firm, thereby setting into motion the resident party's own activities within this jurisdiction, does not constitute an invocation by the nonresident of the benefits and protection of the District's law.")  Further, a defendant does not subject itself to the jurisdiction of the courts of the District by being in contact with federal governmental agencies and officials. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983).  This is so due to the unique character of the District as the seat of the federal government and persons need unfettered access to federal agencies and officials. *Cellutech*, 871 F. Supp. at 50. *See also Environmental Research Int'l*, 355 A.2d at 813 ("to permit our local courts to assert personal jurisdiction over nonresidents whose sole contact with the District consists of dealing with a federal instrumentality not only would pose a threat to free public participation in government, but also would threaten to convert the District of Columbia into a national judicial forum.").

**B. The Court Lacks the Basis for Exercising Personal Jurisdiction Over the Defendant**

Looking at the facts as alleged by the plaintiff, the Court concludes that the plaintiff has failed to show that this Court has personal jurisdiction over the defendant under the "transacting business" clause of the District's long-arm statute. Plaintiff has not shown that the defendant or its agents

purposefully availed itself of this forum in order to satisfy due process concerns.

First, plaintiff has relied primarily on its activities to support the Court's exercise of personal jurisdiction over the defendant. The actions of plaintiff on behalf of the defendant, such as drafting of the funding proposal, meeting and speaking with government officials all performed in the District, do not constitute sufficient contact by the defendant with the District to support exercise of personal jurisdiction by this Court. Plaintiff's unilateral activities, even if performed with the goal of ultimately benefitting the defendant, do not satisfy the requirement that defendant itself have some minimum contact with the District.

Two, the single visit made by members of Roskamp to meet with Congressional officials is insufficient as a basis of asserting personal jurisdiction over the defendant.  Under the "government contacts exception," Roskamp did not subject itself to the jurisdiction of the courts of the District of Columbia by coming to the District to meet with federal government officials. This exception "precludes the assertion of personal jurisdiction over a nonresident whose only contacts with the District of Columbia are for purposes of dealing with a federal agency or Congress." *Cellutech*, 871 F. Supp. at 50.

Third, plaintiff argues that because defendant from Florida initiated and participated in 50-75 different telephone calls and emails with plaintiff in D.C., those acts of communication constitute defendant "transacting business" within the District. The Supreme Court in *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985) observed that because substantial amount of business is transacted solely by mail and wire communications across state lines, there is less need to be physically present in the state where the business is being conducted. However, the *Burger King* Court did not rest its finding of personal jurisdiction just on mail and wire communications between the parties. Rather, the Court considered the totality of circumstances, including the fact that nonresident defendant's business grew directly out of a contract which had a substantial connection with resident plaintiff's state, nonresident defendant specifically reached out to plaintiff to purchase a franchise, and nonresident defendant entered into a 20 year contract relationship with the plaintiff.

The email and phone communications between plaintiff and defendant in this case do not constitute "transacting business" by the defendant in the District. The email and phone communications were incidental to the contract allegedly entered into by the parties. Plaintiff came to Florida to meet with the defendant and to negotiate a contract for his professional services. Because plaintiff happened to be located in the

District, defendant contacted plaintiff in the District by phone and email. Such "contact" does not constitute a deliberate and voluntary association with the District that rises to the level of transacting business within the District. *See Richter v. Analex Corp.*, 940 F. Supp. 353, 360 (forwarding of work papers and other such correspondence was not enough to establish minimum contacts); *Cellutech,* 871 F. Supp. at 49-50 (communicating by phone and interstate courier service with plaintiff's attorney in the District were insufficient to establish minimum contacts). Moreover, the mere fact that defendant allegedly retained plaintiff's professional services, which set into motion plaintiff's activities within the District, does not without more constitute an invocation by the defendant of the benefits and protections of the District's laws. *Environmental Research Int'l*, 355 A.2d at 812.

### C. Improper Venue

Defendant also argues that plaintiff's complaint should be dismissed for improper venue.  Plaintiff asserts that venue is appropriate in this Court because a substantial part of the events giving rise to this action occurred in the District of Columbia. 28 U.S.C. § 1391.  The Court disagrees and concludes that even if the Court had personal jurisdiction over the defendant, venue would be improper before this Court.

Plaintiff does not dispute the fact that its meetings with defendant took place in Florida and that defendant was at all relevant times located in Florida when plaintiff communicated with the defendant.  Further, the sole reason for the parties' alleged contract was to secure federal funding for one of defendant's projects based in Florida.  Accordingly, because substantial part of the events giving rise to the issue in this case - whether there was a binding agreement between the parties - occurred in Florida, venue is not proper in the District of Columbia.

**IV. CONCLUSION**

Given that the requirements of due process have not been satisfied in this case because plaintiff has failed to show that the defendant has had sufficient minimum contacts with the District to justify subjecting it to the exercise of personal jurisdiction by this Court, the Court will **GRANT** defendant's motion and **TRANSFER** this case to the Middle District of Florida. An appropriate Order accompanies this Memorandum Opinion.

**Signed:**    **Emmet G. Sullivan**
               **United States District Court**
               **August 28, 2006**